## J. R. CAVETT v. PILLSBURY FLOUR MILLS COMPANY.[1]

July 1, 1927.

No. 26,130.

**Award to employe for accidental injury sustained.**
> The finding of the industrial commission that respondent received an accidental injury, arising out of and in course of his employment, which fractured the neck of a femur, is so sustained by the evidence that this court is not warranted in disturbing the award of compensation therefor.

Workmen's Compensation Acts—C. J. p. 115 n. 37; p. 122 n. 40.

───────────

See note in L. R. A. 1918F, 915.

Certiorari to review an order of the industrial commission awarding compensation for an injury. Affirmed.
*Snyder, Gale & Richards,* for relator.
*Norbert L. Wilson,* for respondent.

HOLT, J.

Certiorari to review an award by the industrial commission for an accidental injury to respondent, an employe.

All the medical experts agree that respondent has a fracture of the neck of his right femur. The dispute is whether the fracture is traumatic or pathological. There is a sharp conflict of opinion between the medical experts as to the fracture's being caused by trauma. Pathological fractures result from the bone's becoming so fragile from disease that it breaks of its own accord, so to speak. When a fracture of that sort occurs it is attended with little or no pain. One expert who diagnosed this as a pathological fracture, in answer to the question whether, if a condition favorable to such fracture existed, a comparatively slight traumatism will produce it, replied: "Well, you can say that, sure. We have a bone weakened and it doesn't take much of an injury to break it off, sometimes a

[1]Reported in 214 N. W. 923.

misstep, sometimes a slip on the ice that wouldn't bother anybody at all causes a fracture. Sometimes a fall from a chair." This would almost justify the triers of fact to conclude that even if the employe had a weakened condition of the bone his accidental fall while in the course of his employment caused a fracture—a compensable injury. Predisposition of a bone to fracture does not prevent compensation when it does occur from an accidental fall, even though such a fall would not have fractured a bone of the ordinary strength. But when the testimony of respondent's medical experts is considered and in addition thereto that of respondent himself, to the effect that he had been a strong able-bodied workman free from pain up to the time he fell in trying to move a heavy machine in the mills, that within a few seconds thereafter he felt severe pain which increased so that he had difficulty in walking the couple of blocks to the street cars by which he reached his home, and that he was unable thereafter to do any work because of the pain in the location of the fracture, the conclusion is readily reached that respondent received a traumatic fracture. It is probably true that he himself did not think that he had received a fractured bone in the rather insignificant fall or mishap, nor did the doctor attending him suspect it until the X-ray taken revealed it.

It is also contended that the employe failed to sufficiently prove that he sustained an accident in the course of his employment which caused this fracture. On the night in question he was working with one Pearson, sacking flour and sewing the mouths of the sacks. The sewing was done with a movable sewing machine weighing about 400 pounds. Between the spouts from which the flour ran into the sacks was some six to eight feet. The machine was on casters and the floor under the spouts was covered with iron plates on the edge of which the casters caught, so, in moving the machine from spout to spout as occasion required, respondent who pulled on the machine in a stooping position would at the same time lift thereon to get the casters over the plate edge, while Pearson was pushing behind. Respondent claims that as he was so lifting and pulling he slipped on the iron plate, partly fell striking his hip,

but immediately recovered himself. To this incident he now attributes the fracture. Pearson testified that he does not remember of seeing respondent fall nor of hearing any complaint from the latter of a mishap or any injury that night. We think the finding, that respondent sustained an accident and injury arising out of and in the course of his employment, is to such an extent proved that this court cannot disturb it.

The award must be affirmed with an attorney's fee to respondent of $50.